IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CV-00247-D

| | | |
|---|---|---|
| RITA E. NORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

On March 5, 2012, Magistrate Judge Webb issued a memorandum and recommendation ("M&R") [D.E. 44]. In the M&R, Judge Webb recommended that the court deny Rita E. Norris's ("Norris" or "plaintiff") motion for judgment on the pleadings [D.E. 36], and grant Michael J. Astrue's ("Commissioner" or "defendant") motion for judgment on the pleadings [D.E. 38]. On March 19, 2012, plaintiff objected to the M&R [D.E. 45].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and plaintiff's objections. As for those portions of the M&R to which no party objected, the court is satisfied that there is no clear error on

the face of the record. The court has reviewed de novo the portions of the M&R to which plaintiff objected.

First, Norris objects to Judge Webb's determination that substantial evidence supported the ALJ's decision to discredit Norris. See Pl.'s Obj. [D.E. 45] 1–2; cf. Tr. 47–49. However, Judge Webb correctly concluded that there was substantial evidence to support the ALJ's rejection of Norris's statements about her physical limitations. For instance, Norris's pain and numbness decreased after surgery. See Tr. 416. Norris has an "excellent" range of motion in her back, and is able to sit, stand, and walk for a several hours each day. See id. 385–91, 577. Moreover, Norris can prepare simple meals, perform light household chores, take her dog outside daily, shop, drive, and socialize with friends. See id. 19–21, 26. Accordingly, this objection is overruled.

Second, Norris objects to Judge Webb's determination that the ALJ properly relied (in part) on Dr. Margaret Parrish's ("Dr. Parrish") opinion. See Pl.'s Obj. 2–3. Norris argues that the ALJ should not have given controlling weight to Dr. Parrish's opinion because Dr. Parrish did not review Norris's entire medical record. Id. As Judge Webb emphasized, even though the ALJ gave significant weight to Dr. Parrish's opinion, see Tr. 49, the ALJ also relied on the opinion of Dr. Perry Caviness ("Dr. Caviness"), see id., which corroborated Dr. Parrish's opinion. Compare id. 384–91 (Dr. Parrish), with id. 539–46 (Dr. Caviness). Moreover, Dr. Parrish's opinion does not conflict with a treating doctor's opinion. Rather, Dr. Parrish's opinion is largely consistent with the notes of Norris's treating doctors. Compare id. 384–91 (Dr. Parrish), with id. 406–27 (Dr. George Huffmon ("Dr. Huffmon")), and id. 430–509, 518–21, 524 (Dr. Robert Schmits). Accordingly, the ALJ properly relied in part on Dr. Parrish's opinion.

Third, Norris objects to Judge Webb's determination that the ALJ properly concluded that Norris's cervical spinal stenosis did not satisfy the criteria for Listing 1.04. See Pl.'s Obj. 3.

2

Specifically, Norris argues that her impairment satisfied the listing because there was evidence of sensory loss. Id. The ALJ simply concluded that "[t]here is no indication . . . [of] significant sensory loss . . . ." Tr. 46. Judge Webb pointed out that during a visit on October 29, 2009, Dr. Huffmon noted that Norris "had decreased sensation circumferentially in her right upper and right lower extremities." M&R at 26; see Tr. 552. In addition, on November 12, 2007, Norris reported decreased sensation in her right medial and posterior lower extremity. Tr. 409. Aside from these two instances, however, Norris consistently reported that she did not experience loss of sensation. See id. 468 (July 23, 2007), 510 (Sept. 4, 2007), 319 (Dec. 10, 2007), 412 (Sept. 26, 2008), 416 (Jan. 29, 2009), 414 (Feb. 26, 2009), 547 (June 25, 2009). In addition, when the ALJ questioned Norris about her symptoms, Norris did not mention a loss of sensation. See id. 11–22. Accordingly, substantial evidence supports the ALJ's decision that Norris's impairment did not satisfy Listing 1.04.

In sum, the court OVERRULES plaintiff's objections [D.E. 45] and adopts the M&R [D.E. 44]. The court GRANTS the Commissioner's motion for judgment on the pleadings [D.E. 38], DENIES plaintiff's motion for judgment on the pleadings [D.E. 36], and AFFIRMS the Commissioner's final decision.

SO ORDERED. This 22 day of March 2012.

JAMES C. DEVER III
Chief United States District Judge